# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JOHN RICHARD PROCTOR,** | |
| *Petitioner,* | |
| v. | Civil Action No. RWT-16-1671 |
| | (Related Criminal No. RWT-04-0160) |
| **UNITED STATES OF AMERICA,** | |
| *Respondent.* | |

## MEMORANDUM OPINION AND ORDER

On January 6, 2005, Petitioner John Richard Proctor ("Proctor") pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Proctor has now petitioned under 28 U.S.C. § 2255 ("§ 2255 Motion") to set aside the judgment and correct his sentence primarily based on the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 101.

## BACKGROUND

The Presentence Report ("PSR") in Proctor's case identified a lengthy criminal history, including a 1986 felony assault with intent to prevent lawful apprehension conviction in Maryland. The PSR recommended a sentence of 360 months, based on a criminal history category of VI and a final offense level of 38, which equates to a guideline range of 360 months to life imprisonment.

At his sentencing on April 8, 2005, this Court determined that Proctor was an armed career criminal based on three qualifying prior convictions and also a career offender based on

two qualifying prior convictions. Proctor was sentenced to a concurrent term of 324 months' imprisonment. ECF No. 45.

On October 5, 2007, Proctor filed a Motion to Vacate Under 28 U.S.C. § 2255, which this Court denied on December 9, 2008. ECF Nos. 56, 66. Proctor appealed the denial of his § 2255 Motion, and on July 30, 2009, the Fourth Circuit denied the certificate of appealability and dismissed Proctor's appeal. ECF No. 74.

On January 20, 2011, this Court reduced Proctor's sentence to 292 months based on 18 U.S.C. § 3582(c) and retroactive Amendment 706 to the U.S. Sentencing Guidelines. ECF No. 88.

On April 29, 2016, Proctor filed a motion for authorization to file a successive § 2255 motion, which the Fourth Circuit granted. ECF No. 100. Proctor filed the instant § 2255 Motion on May 26, 2016. ECF No. 101. The Government responded in opposition on January 19, 2017, ECF No. 102, and Proctor replied in support of his Motion on January 27, 2017, ECF No. 103. On February 10, 2017, the Government filed a Motion for Leave to File Surreply, which the Court granted. ECF Nos. 104, 105. On February 28, 2017 and March 14, 2017, Proctor submitted supplemental authority in support of his Motion. ECF Nos. 106, 108. On March 13, 2017, the Government filed its Surreply, ECF No. 107, and on April 25, 2018, the Government filed supplemental authority in support of its Response, ECF No. 109. Proctor responded to the Government's April 25, 2018 submission on July 5, 2018. ECF No. 111. The Government then filed a supplemental response on November 9, 2018, ECF No. 112, which Proctor responded to on December 7, 2018, ECF No. 113.

**DISCUSSION**

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255 (2012); *see also Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). If the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255. In challenging his armed career offender status, Proctor primarily argues that his conviction of assault with intent to prevent lawful apprehension does not qualify as a "violent felony" under the "force" clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i). ECF No. 101 at 2. The Court finds that this argument does not have a legal basis.

**I.    Proctor's Maryland conviction of assault with intent to prevent lawful apprehension qualifies as a "violent felony" under the ACCA's "force" clause.**

Proctor argues that his career offender status is improper because his prior conviction of assault with intent to prevent lawful apprehension is not a "violent felony" because it can be accomplished without the use or threat of violent physical force. *Id.* at 7. In support of his argument, Proctor cites to *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), where the Fourth Circuit held that Maryland second-degree assault fails to qualify as an ACCA "violent felony" because it reaches any unlawful touching, whether violent or nonviolent. ECF No. 101 at 8 (citing *Royal*, 731 F.3d at 342). He argues that the additional element of intent to prevent lawful apprehension does not convert assault into a "crime of violence." *Id.* Proctor also relies on *Barrios v. State*, 702 A.2d 961 (Md. Ct. Spec. App. 1997), where the defendants' conviction of assault with intent to prevent lawful apprehension was upheld based on the defendants pushing

3

others in a crowd into officers. ECF No. 101 at 8 (citing *Barrios*, 702 A.2d at 970). He avers that because assault with intent to prevent lawful apprehension encompasses such broad conduct, it fails to qualify as a "violent felony." *Id.* at 8–9.

The Government counters that the Maryland crime of assault with intent to prevent lawful apprehension requires an assault or beating and also requires that the assault or beating be committed "with intent to prevent the lawful apprehension or detainer of any party for any offense for which the said party may be legally apprehended or detained." ECF No. 102 at 4–5 (quoting *Barrios*, 702 A.2d at 969). Moreover, in response to Proctor's argument that the additional element of intent does not convert the crime into one of violence, the Government contends that had the state legislature intended for the crimes to be the same, it would not have created the separate crime of assault with intent to prevent lawful apprehension. *Id.* at 5.

In support of its argument, it cites to *Sangster v. State*, 521 A.2d 811 (Md. Ct. Spec. App. 1987), where the court deemed assault with intent to prevent lawful apprehension a "form of aggravated assault" and thus a crime of violence for the purposes of establishing the crime of use of a handgun in the commission of a crime of violence. ECF No. 102 at 5 (citing *Sangster*, 521 A.2d at 821). The Government also draws the Court's attention to a number of cases involving convictions of assault with intent to prevent lawful apprehension based on defendants shooting, hitting, pushing, and driving vehicles into officers. *Id.* at 6 (citing *Barrios*, 702 A.2d at 970 (defendant pushed into crowd that was pushing against officers); *Claggett v. State*, 670 A.2d 1002, 1004 (Md. Ct. Spec. App. 1996) (defendant drove car into storeowner); *Hall v. State*, 516 A.2d 204, 209 (Md. Ct. Spec. App. 1986) (fleeing defendant fired shots at officers); *Savoy v. State*, 494 A.2d 957, 959, 961 (Md. Ct. Spec. App. 1985) (defendant accelerated car into officer)). Lastly, the Government distinguishes *Royal* from the case at bar

by pointing out the differences between how Maryland second-degree assault and assault with intent to prevent lawful apprehension are classified (i.e., misdemeanor v. felony) and their maximum penalties (i.e., 10 v. 15 years). *Id.* at 7.

In his Reply and July 5, 2018 submission, Proctor contends that the Government has "flatly misread[]" the holding of *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson I*") and that although the U.S. Supreme Court described "violent force" as "force capable of causing physical pain or injury to another person," it also clarified that the term means "substantial degree of force" or "strong physical force." ECF No. 103 at 2 (quoting *Johnson I*, 559 U.S. at 140); ECF No. 111 at 1. Moreover, he argues that the Supreme Court has held that "pushing, grabbing, shoving, slapping, and hitting" do not "connote[] a substantial degree of force" as contemplated under *Johnson I*. ECF No. 103 at 2 (citing *United States v. Castleman*, 572 U.S. 157, 164–65 (2014)). Proctor also relies on inapposite case law regarding North Carolina and Virginia robbery, the crime of assaulting a federal officer, and Arizona's crime of resisting arrest, arguing that his conviction lacks the necessary force required because it can be accomplished without "strong physical force." *Id.* at 2–3 (citing *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016); *United States v. Dominguez-Maroyoqui*, 748 F.3d 918 (9th Cir. 2014); *United States v. Flores-Cordero*, 723 F.3d 1085 (9th Cir. 2013)); ECF No. 108 at 1 (citing *United States v. Winston*, 850 F.3d 677 (4th Cir. 2017)). Lastly, he reiterates the holding in *Barrios*. ECF No. 103 at 4.

The Government responds that it did not misread *Johnson I*; rather, it relies on the definition of "physical force" expressly used in *Johnson I*. ECF No. 104-1 at 1 (quoting *Johnson I*, 559 U.S. at 140 ("[w]e think it clear that in the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means *violent* force—that is, force capable of

causing physical pain or injury to another person'")); ECF No. 109 at 1 (quoting *Sessions v. Dimaya*, 138 S. Ct. 1204, 1220 (2018) ("this Court has made clear that 'physical force' means 'force capable of causing physical pain or injury'")). The Government also correctly notes that Proctor's reliance on an analysis of North Carolina robbery is not controlling. ECF No. 104-1 at 1. Furthermore, it avers, the Fourth Circuit has explained that the appropriate analysis is a "focus on the minimum conduct required to sustain a conviction for the state crime, although there must be a realistic probability, not a theoretical possibility, that a state would actually punish that conduct." *Id.* at 1–2 (quoting *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016)).

The Government concludes that the conduct that has sustained convictions of assault with intent to prevent lawful apprehension (e.g., shooting at officers, striking an officer with a car, driving a car into a storeowner) involves "force capable of causing physical pain or injury to another person," not de minimis force. *Id.* at 2. Lastly, it argues that a mere push is not what occurred in *Barrios*; quoting from the case, it contends that because the officers were in "reasonable apprehension of immediate bodily harm," the force used against them was enough to "cause physical pain or injury" as required by *Johnson I*. *Id.* at 2 (quoting *Barrios*, 702 A.2d at 970).

To determine whether a prior conviction qualifies as a "violent felony" under the ACCA's "force" clause, courts "utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case." *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016). Under this approach, courts determine whether an element of the offense includes "use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In other words, the offense must have as an element the

use of "*violent* force—that is, force capable of causing physical pain or injury to another person." *Johnson I*, 559 U.S. at 140. In making this determination, courts examine the amount of harm caused by an offense and not the method or manner of creating that harm. *See In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017). Thus, a force capable of causing serious harm is a violent force, regardless of whether it is done through indirect means such as "employing poison" or through direct means "as with a kick or punch." *Castleman*, 134 S. Ct. at 1415; *see In re Irby*, 858 F.3d at 238.

Proctor's Maryland assault with intent to prevent lawful apprehension conviction is a "violent felony" under the ACCA's "force" clause. The now-repealed Maryland statute, captioned "Unlawful Shooting, Stabbing, Assaulting, etc., with Intent to Maim, Disfigure, or Disable or to Prevent Lawful Apprehension," read, in relevant part:

> If any person . . . shall assault or beat any person . . . with intent to prevent the lawful apprehension or detainer of any party for any offense for which the said party may be legally apprehended or detained, every such offender . . . shall be guilty of a felony.

Md. Code Ann., art. 27, § 386 (1982 Repl.); *see Barrios*, 702 A.2d at 968. As the Government points out, acts that supported a conviction for assault with intent to prevent lawful apprehension included "striking a store employee with a vehicle, firing shots at officers, striking an officer with a vehicle, and striking a homeowner with a bar from a weightlifting set." ECF No. 104-1 at 2. With respect to the *Barrios* case, the defendants' convictions were not based on a "mere push" as Proctor alleges. ECF No. 103 at 1, 4. Rather, in the hallway of an apartment building, a number of defendants shoved into a crowd of twenty to twenty-five people that were pushing against officers, refused to back up, and pulled a suspect away from officers who were attempting to effect an arrest. *Barrios*, 702 A.2d at 963, 970. Because such conduct involves

"force capable of causing physical pain or injury to another person," *Johnson I*, 559 U.S. at 140, assault with intent to prevent lawful apprehension is a "violent felony."

Moreover, Maryland's assault with intent to prevent lawful apprehension has previously served as the predicate crime to support a conviction of use of a handgun in a crime of violence. *Hall*, 516 A.2d at 210; *see also Sangster*, 521 A.2d at 821 (finding that assault with intent to prevent lawful apprehension is "a form of aggravated assault which clearly falls within the definition of a crime of violence for the purposes of establishing the crime of use of a handgun in the commission of a crime of violence" (citations omitted)). In reaching this conclusion, the Court of Special Appeals of Maryland looked at the definition of "crime of violence," which, at the time, included "assault with intent to commit any other offense punishable by imprisonment for more than one year." *Hall*, 516 A.2d at 210 (citing Md. Code Ann., art. 27, § 441(e) (1982 Repl.)).

The court considered two possible constructions of this phrase: (1) had the legislature intended to include all aggravated assaults as crimes of violence, assault with intent to prevent lawful apprehension, being punishable "by confinement in the penitentiary for a period not less than eighteen months," would qualify as a crime of violence because it was punishable by more than one year of imprisonment; and (2) had the legislature intended to require that to be a crime of violence, an assault must be accompanied by an intent to commit an offense which itself is punishable by more than one year's imprisonment, then assault with intent to prevent lawful apprehension met that test. *Id.* In embracing this second construction, the court stated that it "believe[d that] preventing lawful apprehension, as described in § 386, is the equivalent of resisting arrest and/or resisting, hindering or obstructing an officer of the law in the performance

of his duties, both of which are offenses recognized at common law and punishable by more than one year in prison."[1] *Id.* (citing *Busch v. State*, 426 A.2d 954, 956–57 (Md. 1981)).

Based on how Maryland case law has interpreted assault with intent to prevent lawful apprehension, it "has as an element the use, attempted use, or threatened use of physical force against the person of another," and therefore qualifies as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i).

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal this Court's denial of relief under § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 F. App'x 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Hardy*, 227 F. App'x at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 F. App'x 296, 297 (4th Cir. 2009).

This Court has assessed Proctor's Motion to Vacate and finds that no reasonable jurist could find merit in any of the asserted claims.[2] Accordingly, no certificate of appealability shall issue.

---

[1] Although this Court has yet to find a case addressing the precise issue presented here, the Fourth Circuit has held that the crime of resisting arrest is a "violent felony" under the ACCA's *residual* clause. *United States v. Wardrick*, 350 F.3d 446, 455 (4th Cir. 2003) ("The act of resisting arrest poses a threat of direct confrontation between a police officer and the subject of the arrest, creating the potential for serious physical injury to the officer and others."). While this Court is well aware of the holding in *Johnson*, the *Wardrick* holding is worth noting given the state court equating the crime of resisting arrest to preventing lawful apprehension in *Hall*.

[2] Because the Court finds that Proctor remains an armed career criminal and thus is not entitled to resentencing, it need not examine whether the sentencing package or concurrent sentence doctrine apply to his case.

**CONCLUSION**

Based on the foregoing, the Court finds that Proctor's Motion to Vacate "conclusively show[s] that [he] is entitled to no relief," and, as such, will deny the Motion. *See* 28 U.S.C. § 2255; *Miller*, 261 F.2d at 547. Accordingly, it is, this 9th day of January, 2019, by the United States District Court for the District of Maryland hereby

**ORDERED**, that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence [ECF No. 101] is **DENIED**; and it is further

**ORDERED**, that a certificate of appealability **SHALL NOT ISSUE**; and it is further

**ORDERED**, that the Clerk is directed **TO MAIL** a copy of this Memorandum Opinion and Order to Petitioner; and it is further

**ORDERED**, that the Clerk is hereby directed **TO CLOSE** Civil Action No. RWT-16-1671.


DATE: January 9, 2019                                   /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE